IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                          16-CR-174-FPG

ELIEL SANCHEZ-OCAMPO,

                        Defendant.

---

## PLEA AGREEMENT

The defendant, ELIEL SANCHEZ-OCAMPO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and plead guilty to a one count information which charges a violation of Title 8, United States Code, Sections 1326(a) (reentry of removed aliens), for which the maximum possible sentence is a term of imprisonment of two years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of one year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.  The defendant understands that if it is determined that the defendant has violated any of the terms or conditions of supervised release the defendant may be required

to serve in prison all or part of the term of supervised release, up to one year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a. that the defendant was an alien at the time of the offense alleged;

    b. that prior to the time of the offense alleged, the defendant had been deported and removed from the United States;

    c. that the defendant voluntarily entered, attempted to enter, or was found in, the United States; and

    d. that the defendant had not received the express permission of the Attorney General of the United States or his successor, the Secretary of Homeland Security, to reapply for admission to the United States before being found in the United States on the date alleged.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

    a. The defendant, ELIEL SANCHEZ-OCAMPO, is a citizen of Mexico and not a citizen of the United States.

    b. On or about September 18, 2014, United States Immigration and Customs Enforcement, Homeland Security Investigations

  ("HSI") encountered ELIEL SANCHEZ-OCAMPO during surveillance at 468 Delaware Avenue in Buffalo, New York.

 c. HSI collected the defendant's fingerprints and submitted them to the Federal Bureau of Investigation. The defendant's prints matched those of ELIEL SANCHEZ-OCAMPO and the corresponding Alien File ("A-File") associated with ELIEL SANCHEZ-OCAMPO's Alien Registration Number, A XXX-XXX-050.

 d. On or about July 16, 2014, the United States Border Patrol arrested ELIEL SANCHEZ-OCAMPO, in the Texas Rio Grande Valley Border Patrol Sector and administratively charged him with being an alien illegally present in the United States.

 e. On or about July 16, 2014 ELIEL SANCHEZ-OCAMPO was ordered removed from the United States to Mexico via an Expedited Order of Removal under Section 235(b)(1) of the Immigration and Nationality Act.

 f. On or about July 17, 2014, ELIEL SANCHEZ-OCAMPO was physically removed from the United States to Mexico. ELIEL SANCHEZ-OCAMPO was provided with Immigration Form (I-296), advising her that she would be in violation of Title 8, United States Code, Section 1326, if she entered, attempted to enter, or were to be found in the United States without the permission of the United States Attorney General, or his Successor, the Secretary of Homeland Security.

 g. On October 18, 2016, immigration authorities found ELIEL SANCHEZ-OCAMPO in the United States without having applied for or obtained permission to re-enter the United States.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines Section 2L1.2(a) applies to the offense of conviction and provides for a base offense level of 8.

## SPECIFIC OFFENSE CHARACTERISTICS
## USSG CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that no specific offense characteristic applies.

## ACCEPTANCE OF RESPONSIBILITY

8. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment of Guidelines Section 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 6.

## CRIMINAL HISTORY CATEGORY

9. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action, the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

10. The government and the defendant agree that, with a total offense level of 6 and criminal history category of I, the defendant's sentencing range would be a term of

imprisonment of 0 to 6 months, a fine of $1,000 to $9,500, and a period of supervised release of 1 year. Notwithstanding the calculations set forth above, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

11. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

12. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to illegal reentry after removal or deportation which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. ALIEN STATUS

14. The defendant acknowledges that the defendant is not a citizen of the United States and that the defendant is on notice that the defendant's ability to enter, remain, and/or reside in the United States is subject to the laws, regulations, and associated policies of the Department of Homeland Security. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status will be determined by the Department of Homeland Security in a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the Defendant's conviction may be on the defendant's immigration status.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this plea agreement; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

16.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

17.     At sentencing the government will move to dismiss the criminal complaint pending under 16-MJ-143.

## VII. APPEAL RIGHTS

18.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, Paragraph 10, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19.  The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20.  The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine, and supervised release set forth in Section III, Paragraph 10, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

21.  This plea agreement represents the total agreement between the defendant, ELIEL SANCHEZ-OCAMPO, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY:  _____
BRIAN J. COUNIHAN
Special Assistant United States Attorney

Dated: February 1, 2017

I have read this agreement, which consists of 9 pages. I have had a full opportunity to discuss this agreement with my attorney Brian P. Comerford, AFPD. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____                _____
ELIEL SANCHEZ-OCAMPO                            BRIAN P. COMERFORD, AFPD
Defendant                                       Attorney for the Defendant

Dated: February __1__, 2017                      Dated: February __1__, 2017

I, **NICOLAS TENCHASZADEH**, hereby affirm under penalty of perjury that I am a Spanish language interpreter and that I have carefully and fully translated the entire plea agreement set forth above to the defendant, ELIEL SANCHEZ-OCAMPO; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney, Brian P. Comerford, AFPD.

DATED: February 1, 2017

_____
Interpreter